AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>Earl Jordan<br><br><br>―――――――――――――――――<br>*Defendant* | Case: 1:24-mj-00309<br>Assigned To : Judge Zia M. Faruqui<br>Assign. Date : 10/01/2024<br>Description: COMPLAINT W/ARREST WARRANT |

## ARREST WARRANT

To:      Any authorized law enforcement officer

          **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Earl Jordan                                                                                           ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment         ❏ Superseding Indictment      ❏ Information      ❏ Superseding Information     ☒ Complaint
❏ Probation Violation Petition       ❏ Supervised Release Violation Petition      ❏ Violation Notice   ❏ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority;
18 U.S.C. § 1752(a)(2) -Disorderly and Disruptive Conduct in a Restricted Building or Grounds;
40 U.S.C. § 5104(e)(2)(D)-Disorderly Conduct in a Capitol Building,
18 U.S.C. § 231(a)(3) - Obstruction of Law Enforcement During Civil Disorder;
18 U.S.C. § 111(a)(1)-Assaulting, Resisting, or Impeding Certain Officers;

Date:      10/01/2024

**Zia M. Faruqui**  Digitally signed by Zia M.
Faruqui
Date: 2024.10.01 16:20:59 -04'00'

*Issuing officer's signature*

City and state:          Washington, D.C.          Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)*  10/01/2024   , and the person was arrested on *(date)*  10/02/2024<br>at *(city and state)*   Spencer, Iowa   .<br><br>Date:  10/03/2024<br><br>                                          *Arresting officer's signature*<br><br>                              Patrick Marion, Special Agent<br>                                          *Printed name and title* |

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| Earl  Jordan, (DOB: XXXXXXXXX) | ) |
| Christopher Jordan, (DOB: XXXXXXXX) | ) |
| | ) |
| | ) |

Case: 1:24-mj-00309
Assigned To : Judge Zia M. Faruqui
Assign. Date : 10/01/2024
Description: COMPLAINT W/ARREST WARRANT

_____
*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the _____ in the District of ___Columbia___ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1752(a)(1) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; | |
| 18 U.S.C. § 1752(a)(2) -Disorderly and Disruptive Conduct in a Restricted Building or Grounds; | |
| 40 U.S.C. § 5104(e)(2)(D)-Disorderly Conduct in a Capitol Building, | |
| 18 U.S.C. § 231(a)(3) - Obstruction of Law Enforcement During Civil Disorder; | |
| 18 U.S.C. § 111(a)(1)-Assaulting, Resisting, or Impeding Certain Officers; | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

_____, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: ____10/01/2024____

Zia M. Faruqui   Digitally signed by Zia M. Faruqui
Date: 2024.10.01 16:17:51 -04'00'

_____
*Judge's signature*

City and state: _____Washington, D.C._____

Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

Case 1:24-mj-00309-ZMF     Document 8     Filed 10/04/24     Page 3 of 29

Case: 1:24-mj-00309
Assigned To : Judge Zia M. Faruqui
Assign. Date : 10/01/2024
Description: COMPLAINT W/ARREST WARRANT

### STATEMENT OF FACTS

Your affiant, [REDACTED], is a Special Agent assigned to the FBI Salt Lake City Division, St. George Resident Agency. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, § 2510(7), and am empowered by law to conduct investigations of and to make arrests for federal criminal offenses. I have been so employed by the FBI since March 2018 and assigned to investigate criminal violations. As a special agent with the FBI, I have received training, participated, and have conducted and led multiple investigations, search warrants, and arrest warrants related to the commission of federal crimes. Currently, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

### BACKGROUND

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President

Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

## DEFENDANTS' ACTIONS ON JANUARY 6TH

During the course of the Federal Bureau of Investigation (FBI)'s investigation into the events of January 6, 2021, the FBI received a tip that one of the rioters was CHRISTOPHER JORDAN. During subsequent investigation, an individual who has interacted closely with CHRISTOPHER JORDAN several times was interviewed by the FBI and confirmed that CHRISTOPHER JORDAN was the individual identified in pictures and bodyworn camera footage (from which still images are included below) from the Capitol on January 6, 2021. FBI personnel also observed CHRISTOPHER JORDAN and confirmed that he was the individual in the images. From my review of the body worn camera footage that is the source of the images included below and my own experience with this investigation, I am able to recognize that Image 7 below shows CHRISTOPHER JORDAN at a location within the restricted area that included the Capitol and its grounds on January 6, 2021.

Pursuant to a search warrant served on Google on January 6, 2021, a google e-mail account was geolocated on the grounds of the Capitol that was associated with three phone numbers. Investigation indicated that one of those phone numbers was associated with an individual who lives at the same address as EARL JORDAN, the brother of CHRISTOPHER JORDAN. The FBI received a tip that an individual on the Capitol grounds near CHRISTOPHER JORDAN was EARL JORDAN. FBI personnel subsequently performed surveillance of EARL JORDAN and positively identified EARL JORDAN as the individual seen in images from the Capitol on January 6, 2021, including Image 8, below. From my review of the body worn camera footage that is the source of the images included below and my own experience with this investigation, I am able to recognize that Image 3 below shows EARL JORDAN at a location within the restricted area that included the Capitol and its grounds on January 6, 2021.

On January 6, 2021, at approximately 2:04 p.m., EARL JORDAN and CHRISTOPHER JORDAN were present on Capitol grounds on the West Front near the north scaffolding, as seen on body worn camera of the Metropolitan Police Department. EARL JORDAN wore a dark bandana with light lining on his head, a dark gray fleece jacket with an orange logo on the front, and denim jeans. *See* Images 1, 2, and 3 (below). CHRIS JORDAN wore a navy blue skull cap with the word "TRUMP" written across the bottom band in white letters, a blue fleece jacket, denim jeans, brown shoes, and safety glasses, and carried a dark backpack on his back. *See* Images 3 and 5 (below).



Image 1: Still from body-worn camera of Officer 2 showing Officer 1 (circled in blue), EARL JORDAN (circled in yellow) and CHRISTOPHER JORDAN (circled in green, facing away).

At this time, Metropolitan Police Department (MPD) Unit 42, responding to calls for help from the United States Capitol Police (USCP), pushed through the crowd of rioters gathered on the Lower West Terrace in an attempt to join other officers of the USCP and the MPD behind a police line on the West Front of the Capitol. While officers of Unit 42 made their way past the north scaffolding, Officer 1 brushed past EARL JORDAN. In response, EARL JORDAN threw his elbow at Officer 1, knocking Officer 1 off balance. *See* Image 2, below.



Image 2: Still from body-worn camera of Officer 3 showing EARL JORDAN (circled in yellow) elbowing Officer 1 (circled in blue).

As Officers 2 and 3 tried to move EARL JORDAN out of the way of Unit 42's advance to the police line, Officer 1 turned toward the JORDAN brothers. CHRISTOPHER JORDAN then lunged towards Officer 1. *See* Image 3, below.



Image 3: Still from body-worn camera of Officer 1 showing CHRISTOPHER JORDAN (circled in green) lunging toward Officer 1 with EARL JORDAN (circled in yellow) being moved by other officers.

Officer 1 instructed the JORDAN brothers to "get back." However, EARL JORDAN swiped his hand at Officer 1's face. *See* Image 4, below.



Image 4: Still from body-worn camera of Officer 1 showing EARL JORDAN (circled in yellow) reaching his arm toward Officer 1.

Officer 2 helped Officer 1 break away from EARL JORDAN, but EARL JORDAN lunged again at Officer 1, grabbing at Officer 1's throat and shoving at Officer 1. At the same time, CHRISTOPHER JORDAN turned and began shoving at Officer 4. *See* Images 5, 6, and 7, below.



Image 5: Still from body-worn camera of Officer 2 showing EARL JORDAN (circled in yellow) grabbing at Officer 1, and CHRISTOPHER JORDAN (circled in green).



Image 6: Still from body-worn camera of Officer 1 showing EARL JORDAN (circled in yellow) shoving at Officer 1 and CHRISTOPHER JORDAN (circled in green) beyond.



Image 7: Still from body-worn camera of Officer 2 showing EARL JORDAN (circled in yellow) shoving at Officer 1 and CHRISTOPHER JORDAN (circled in green) grappling with Officer 4.

EARL JORDAN and Officer 1 broke apart, allowing Officer 1 to make his way to the police line along the Lower West Terrace, where he tried to usher the rest of Unit 42 to safety. However, the JORDAN brothers again prevented the officers of Unit 42 from reaching the police line. CHRISTOPHER JORDAN continued grappling with several officers, grabbing onto Officer 4's police baton and refusing to let go. EARL JORDAN pushed into the fray, shoving at Officer 4's shoulder and using his body to block officers who were trying to make CHRISTOPHER JORDAN let go of Officer 4's baton. *See* Image 8, 9, and 10.



Image 8: Still from body-worn camera of Officer 2 showing EARL JORDAN (circled in yellow) blocking officers with his body and CHRISTOPHER JORDAN (circled in green) grasping Officer 4's baton.



Image 9: Still from body-worn camera of Officer 5 showing EARL JORDAN (circled in yellow) shoving Officer 4 (circled in blue) at the shoulder and CHRISTOPHER JORDAN (circled in green) yanking at Officer 4's baton.



Image 10: Still from body-worn camera of Officer 5 showing EARL JORDAN (circled in yellow) shoving officers and CHRISTOPHER JORDAN (circled in green) yanking at Officer 4's baton.

Eventually, another rioter pulled on CHRISTOPHER JORDAN's backpack, forcing him to let go of Officer 4's baton. *See* Image 11, below. The JORDAN brothers disappeared into the

crowd and the officers of Unit 42 were finally able to find safety behind the police line on the Lower West Terrace.



Image 11: Still from body-worn camera of Officer 5 showing EARL JORDAN (circled in yellow) shoving officers and CHRISTOPHER JORDAN (circled in green) yanking at Officer 4's baton while a rioter (circled in orange) pulls on CHRISTOPHER JORDAN's backpack.

Later on January 6, 2021, CHRISTOPHER JORDAN and EARL JORDAN were filmed in open source video outside the North Door to the Capitol Building as police struggled to keep the door closed to prevent rioters from entering. *See* Image 12, below.



Image 12: Still from open source video (https://archive.org/details/iX4ognreszbhLz9aj) showing CHRISTOPHER JORDAN (circled in green) and EARL JORDAN (circled in yellow) outside the North Door of the Capitol building.

While outside the North Door, EARL JORDAN picked up a piece of metal fencing and threw it at the North Door as police officers attempted to close the door. *See* Image 13, below.



Image 13: Still from open source video (https://www.youtube.com/watch?v=9TshRdxXi9c&t=306s) showing EARL JORDAN (circled in yellow) lifting one end of metal fencing to throw towards the closing North Door.

CHRISTOPHER JORDAN and EARL JORDAN remained on Capitol grounds until the evening of January 6, 2021 when police were finally successful in clearing the grounds of rioters. *See* Image 14, below.



Image 14: still from open source video (https://www.youtube.com/watch?v=WmV_7W4em5A&t=750s) showing CHRISTOPHER

JORDAN (circled in green) and EARL JORDAN (circled in yellow) in crowd being cleared off the Capitol grounds.

Based on the foregoing, your affiant submits that there is probable cause to believe that EARL JORDAN and CHRISTOPHER JORDAN violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do so; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that EARL JORDAN and CHRISTOPHER JORDAN violated 40 U.S.C. § 5104(e)(2)(D), utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress.

Your affiant submits there is probable cause to believe that EARL JORDAN and CHRISTOPHER JORDAN violated 18 U.S.C. § 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. For purposes of Section 231 of Title 18, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. This includes the Secret Service's protection of the Vice President and his family and the Capitol Police's protection of the U.S. Capitol.

Your affiant submits that there is probable cause to believe that EARL JORDAN and CHRISTOPHER JORDAN violated 18 U.S.C. § 111(a)(1), which makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in section 1114 of Title 18 while engaged in or on account of the performance of official duties, where such acts involve physical contact with the victim or the intent to commit another felony. Persons designated within section 1114 of Title 18 include federal officers such as USCP officers, and include any person assisting an officer or employee of the United States in the performance of their official duties.

FBI

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 1st day of October 2024.

Zia M. Faruqui
Digitally signed by Zia M.
Faruqui
Date: 2024.10.01 16:17:20
-04'00'

ZIA M. FARUQUI
U.S. MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, Plaintiff, | **HEARING MINUTES**   Sealed:   No |
|---|---|
| vs. | Case No.:   24-MJ-211-KEM |
| | Presiding Judge:   Kelly K.E. Mahoney, Chief Magistrate Judge |
| EARL JORDAN, Defendant. | Deputy Clerk:   jag |
| | Official Court Record:   FTR Gold      Contract?   -- |
| | Contact Information:   -- |

| Date: | 10/3/2024 | Start: | 1:34 p.m. | Adjourn: | 1:46 p.m. | Courtroom: | SC First Floor | | |
|---|---|---|---|---|---|---|---|---|---|
| Recesses: | | | | | | Time in Chambers: | | Telephonic? | No |
| Appearances: | | Plaintiff: | AUSA Kraig Hamit | | | | | | |
| | | Defendant: | AFPD Timothy Herschberger (defendant appears personally) | | | | | | |
| | | U.S. Probation: | Samuel Peterson | | | | | | |
| | | Interpreter: | | | | Language: | | Certified: | Phone: |

| **TYPE OF PROCEEDING:** | **INITIAL APPEARANCE:** | X | **AND/OR** | **ARRAIGNMENT:** | |
|---|---|---|---|---|---|

| | Contested? | No | Continued from a previous date? | No |
|---|---|---|---|---|

| Charging District's Documents: | Complaint and Arrest Warrant filed in District of Columbia on 10/1/2024. | | | | | | |
|---|---|---|---|---|---|---|---|
| Was defendant *Mirandized*? | Yes | | | | | | |
| Counsel: | | Retained: | | or | Appointed: | X | FPD/Other:   Timothy Herschberger |
| Did the government move for detention? | | No | Was the defendant detained? | | No | | |
| Was a detention hearing set? | No | Date: | | | | | |
| Was a preliminary hearing set? | No | Date: | | | | | |
| **Witness/Exhibit List is** | -- | | | | | | |

| The offering party must, within 3 days after the hearing, file in electronic form any exhibit that was not filed with a motion, resistance, or other filing related to this hearing.  Pub. Admin. Order 09-AO-03-P (5/29/09) ¶7. |
|---|

| **Miscellaneous:** | Court advises of Due Process Protection Act rights. |
|---|---|
| | Defendant waives his right to an identity hearing and any preliminary hearing in this district. The Court finds these are knowing and voluntary waivers. A hearing in the District of Columbia will be scheduled for 10/17/2024 at 12:30PM (EST) to be held via Zoom.  The defendant is directed to appear at this hearing.

Orders to follow. |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 24-MJ-211-KEM |
| vs. | **ORDER** |
| EARL JORDAN | |
| Defendant. | |

Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence—that is, all evidence that favors the defendant or casts doubt on the United States' case—as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and ORDERS the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

IT IS SO ORDERED this 3rd day of October, 2024.

Kelly K.E. Mahoney
United States Chief Magistrate Judge
Northern District of Iowa

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

EARL JORDAN,

                Defendant.

No.  24-MJ-211-KEM

**ORDER APPOINTING COUNSEL**

_____

The court finds that Defendant qualifies for appointment of counsel under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, and the Amended and Substituted Criminal Justice Act Plan for the Northern District of Iowa (CJA Plan).  This order is subject to Defendant satisfying the court that Defendant qualifies financially under the CJA.  Defendant must provide sworn statements on the CJA Form 23 Financial Affidavit.  Defendant may be required to pay or contribute to the costs if the court finds that Defendant can make payments.

**IT IS HEREBY ORDERED**:

☒  Counsel from the Federal Public Defender's Office, or counsel designated pursuant to the CJA Plan, is appointed to represent Defendant for all proceedings in this matter.  **Appointed counsel must file a notice of appearance within three (3) days from the date of this order**.

☐  This appointment is due to a withdrawal, conflict, motion for new counsel, or similar situation.

☒  This appointment will automatically transfer to any related criminal case for Defendant.

☒  **Defendant must file a CJA Form 23 Financial Affidavit no later than fourteen (14) days from the date of this order unless one was filed within the past twelve (12) months**.  If Defendant is appearing on a writ or summons for a hearing that is scheduled to occur after the 14-day deadline, Defendant must file a CJA Form 23 Financial Affidavit by the date of the scheduled hearing.

☐  Defendant need not file a CJA Form 23 Financial Affidavit.

**SO ORDERED** on October 3, 2024.

Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
Northern District of Iowa

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 1:24-mj-0211 |
| | ) | |
| Earl Jordan | ) | Charging District's Case No. 1:24-mj-0309 |
| _____ | ) | |
| Defendant | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _____

District of Columbia                                                                    .

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒     an identity hearing and production of the warrant.

☒     a preliminary hearing.

☐     a detention hearing.

☐     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 10-3-24                                    _____
                                                                    *Defendant's signature*

                                                                    _____
                                                                    *Signature of defendant's attorney*

                                                                    Timothy Herschberger
                                                                    *Printed name of defendant's attorney*

# United States District Court
## NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,

vs

EARL JORDAN

**APPEARANCE BOND**
**and**
**ORDER SETTING CONDITIONS OF RELEASE**

Case Number: 1:24-MJ-00211

---

### Type of Bond & Conditions of Release

IT IS ORDERED that the defendant is released pursuant to:

☑ a personal recognizance bond.

☐ an unsecured bond binding the defendant to pay the United States the sum of $_____ in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

☐ a secured bond of $_____, secured by ( ) cash deposited with the court ( ) the agreement of the defendant and each surety to forfeit cash or other property as follows (see attached):

**While on bond, the defendant must: (1) not violate any federal, state, or local law; (2) cooperate in the collection of a DNA sample if authorized by 34 U.S.C. § 40702; (3) advise the court and defense counsel in writing before making any change of residence or telephone number; and (4) appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.**

The defendant must appear at: _____ on _____. If left blank, defendant will be notified of next appearance.

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with every order of this court, or any court that considers this case. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:
  (1) all owners of the property securing this appearance bond are included on the bond;
  (2) the property is not subject to claims, except as described above; and
  (3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 06/31/2024

_Defendant's signature_

N/A
_Surety/property owner – printed name_

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
_Surety/property owner – signature and date_

Date: October 3, 2024

_Signature of Judicial Officer_

Kelly K.E. Mahoney, Chief U.S. Magistrate Judge
Name and Title of Judicial Officer

# Additional Conditions of Release

Pursuant to 18 U.S.C. § 3142(c), upon finding that release subject to aforementioned conditions will not by itself reasonably assure the appearance of the defendant and/or the safety of any other person and the community, **IT IS FUTHER ORDERED** that the release of the defendant is also subject to court supervision with the following conditions:

1. ☑ **Reporting Instructions:**

   You must report to the United States Probation Office no later than _____ (KFM) or as directed by the probation officer. After initially reporting to the probation office, you will receive instructions from the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed. You must follow the instructions of the probation officer related to the conditions of supervision and answer truthfully the questions asked by your probation officer.

2. ☑ **Restrictions on Personal Associations, Residence, or Travel:**

   ☑ A. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

   ☑ B. You must not knowingly have contact, direct or indirect, with any person who is or may be a victim or witness in the investigation or prosecution, including:_____

   _____

   ☑ C. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

   ☐ D. You must reside in a Residential Reentry Center (RRC). While a resident of the RRC, you must abide by all rules and regulations of the facility. You must report to the RRC at the time and date directed by the probation officer.

   ☑ E. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

   ☑ F. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting the permission from the probation officer.

   ☐ G. You must not travel further than _____ miles from your residence without first getting the permission from the probation officer.

   ☑ H. You must not obtain a new passport, and if you have a passport, you must surrender it to the United States Probation Office.

3. ☑ **Controlled Substance and Firearm/Weapon Restrictions:**

   ☑ A. You must not unlawfully possess a controlled substance. You must refrain from any unlawful use of a controlled substance. It is unlawful under federal law to use any form of marijuana under any circumstances.

   ☑ B. You must not possess or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

4. ☑ **Law Enforcement Contact and Third Party Risk:**

   ☑ A. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

   ☐ B. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

   ☐ C. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

5. ☐ **Employment and Education:**

☐ A. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

☐ B. You must not accept or maintain any employment in which you would have access to money or assume a fiduciary position. You must allow the probation officer to notify your employer of your current criminal status.

☐ C. You must maintain or commence and educational program.

6. ☐ **Substance Abuse:**

☐ A. You must participate in a substance abuse evaluation. You must complete any recommended treatment program, which may include a cognitive behavioral group, and follow the rules and regulations of the treatment program. You must participate in a program of testing for substance abuse. You must not attempt to obstruct or tamper with the testing methods.

☐ B. You must not use or possess alcohol. You are prohibited from entering any establishment that holds itself out to the public to be a bar or tavern without first getting the permission of the probation officer.

☐ C. You must participate in the Remote Alcohol Testing Program during any period of your supervision. You must abide by all rules and regulations of the Remote Alcohol Testing Program. You must pay the costs associated with the program as directed by the Court and determined by the United States Probation Office.

7. ☐ **Mental Health:**

☐ A. You must participate in a mental health evaluation. You must complete any recommended treatment program, and follow the rules and regulations of the treatment program. You must take all medications prescribed to the defendant by a licensed medical provider.

☐ B. You must undergo medical or psychiatric treatment and/or remain in an institution as follows:_____

_____

☐ C. You must participate in an evaluation for anger management and/or domestic violence. You must complete any recommended treatment program, and follow the rules and regulations of the treatment program.

☐ D. You must participate in a gambling addiction evaluation. You must complete any recommended treatment program, and follow the rules and regulations of the treatment program. You must not be on the premises of any casino during any period of your supervision. You must not participate in any form of gambling, including but not limited to, lotteries, pull-tab cards, card games, on-line gambling, horse and dog racing, and sports betting.

☐ E. You must participate in a cognitive behavioral program, and comply with the rules and regulations of the program.

☐ F. You must participate in a program for domestic violence.

8. ☐ **Financial:**

☐ A. You must timely pay all current and past due child support payments ordered by any state or federal court. You must also cooperate with any requests from the Iowa (or other State) Child Support Recovery Unit (or other state unit) in the collection and satisfaction of those obligations.

☐ B. You must provide the probation officer with access to any requested financial information.

☐ C. You must cooperate with the Internal Revenue Service in the determination, assessment, and payment of any tax liability you may have. You must provide the probation officer with a copy of any payment plan agreed upon with the Internal Revenue Service, and must make the required payments thereunder. You must allow the probation officer and the Internal Revenue Service to communicate with each other to monitor your compliance with this condition.

☐ D. You must file valid and truthful individual income tax returns as they become due by law and must provide copies of such returns to the United States Probation Office as requested.

3

9. ☐ **Sex Offense Restrictions:**

☐ A. You must not knowingly view, possess, produce, or use any materials that depict sexually explicit conduct as defined in 18 U.S.C. § 2256, or any form of sexually stimulating, sexually oriented, or pornographic materials.

☐ B. You must not knowingly have contact with children under the age of 18 (including through letters, communication devices, audio or visual devices, visits, electronic mail, the Internet, or any contact through a third party) without first getting the written permission of the probation officer. The probation officer may work with you and your family to set up supervised communications and visits with your biological and legally adopted children.

☐ C. You must not knowingly be present at places where minor children under the age of 18 are congregated, such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools without first getting the permission of the probation officer.

☐ D. You must allow the probation officer to install computer monitoring software on any computer [as defined in 18 U.S.C. § 1030(e)(1)] that is used by the defendant. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic monitoring and inspections of any computers [as defined in 18 U.S.C. § 1030(e)(1)] subject to computer monitoring. This monitoring and said inspections will be conducted to determine whether the computer contains any prohibited data prior to the installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to monitoring and inspections pursuant to this condition.

☐ E. You must comply with the requirements of the Sex Offender Registration Act and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, or any state sex offender registration agency in the location where you reside, work, and/or are a student, and/or was convicted of a qualifying offense.

10. ☐ **Location Monitoring:**

You must participate in one of the following location restriction programs and comply with its requirements as directed.

☐ (i) **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____, or ( ☐ ) as directed by the probation officer; or

☐ (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the probation officer; or

☐ (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or

☐ (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
**Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

You must submit to the following location monitoring technology and comply with its requirements as directed:

☐ (i) Location monitoring technology as directed by the pretrial services or supervising officer; or

☐ (ii) Voice Recognition; or

☐ (iii) Radio Frequency; or

☐ (iv) GPS.

☐ You must pay all or part of the cost of location monitoring based upon your ability to pay as determined by the probation officer.

4

11.  ☐    **Third Party Custodian:**

You must be placed in the custody of: _____ who agrees to (1) supervise you, and use every reasonable effort to assure that you will abide by all of the conditions of his/her release; (2) use every reasonable effort to assure that you appear at all proceedings as required and surrenders for service of any sentence imposed; and (3) notify the court immediately in the event you violate a condition of release or are no longer in the custodian's custody.

Address: _____

City and State: _____

Telephone Number: _____

Signed: _____          _____
        Custodian or Proxy                                      Date

12.  ☐    _____

_____

_____

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.,* in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Carl Jordan_
Signature of Defendant

### Directions to United States Marshal

☑ The defendant is **ORDERED** to be processed by the United States Marshal and released after processing:

☐ at _____ a.m./p.m. on _____.

☐ no later than _____ a.m./p.m. on _____.

☐ The United States Marshal is **ORDERED** to keep the defendant in custody until notified by the U.S. Probation Office that the defendant has posted bond and/or complied with all other conditions required for release.

Date: October 3, 2024

_Kelly Ke Mahoney_
Signature of Judicial Officer

Kelly K.E. Mahoney, Chief U.S. Magistrate Judge
Name and Title of Judicial Officer

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Iowa

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  24-MJ-211-KEM |
| Earl Jordan | ) | |
| | ) | Charging District:          District of Columbia |
| _____ | ) | Charging District's Case No.   1:24-MJ-00309 |
| *Defendant* | ) | |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges.  If the time to appear in that court has not yet been set, the defendant must appear when notified to do so.  Otherwise, the time and place to appear in that court are:

| | |
|---|---|
| Place: Zoom Video Conference Appearance *<br>       Hearing before<br>       Honorable Judge Moxila A. Upadhyaya | Courtroom No.:  See Zoom VTC Instructions |
| | Date and Time: 10/17/2024 12:30 pm |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date:  _____10/03/2024_____

_____
*Judge's signature*

Kelly K.E. Mahoney, Chief Magistrate Judge
*Printed name and title*

* Zoom Video Conference connection for 10/17/2024 at 12:30 p.m. EST:

Join ZoomGov Meeting
https://uscourts-dcd.zoomgov.com/j/1605981178?pwd=cVN5US9DMzJ5NWFLNjhGemZmSU1odz09
Meeting ID: 160 598 1178
Passcode: 717744

CLOSED

# U.S. District Court
## Northern District of Iowa (Cedar Rapids)
## CRIMINAL DOCKET FOR CASE #: 1:24-mj-00211-KEM-1

Case title: USA v. Jordan

Date Filed: 10/02/2024

Other court case number: 1:24-mj-00309 USDC - District of Columbia

Date Terminated: 10/03/2024

Assigned to: Chief Magistrate Judge Kelly
K.E. Mahoney

**Defendant (1)**

**Earl Jordan**
*TERMINATED: 10/03/2024*

represented by **Timothy Herschberger**
Federal Public Defender's Office
701 Pierce Street
Suite 400
Sioux City, IA 51101
712 252 4158
Email: timothy_herschberger@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**

**Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**

**Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**

**Disposition**

None

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **John H Lammers**<br>US Attorney's Office<br>600 4th Street<br>Suite 670<br>Sioux City, IA 51101<br>712 255 6011<br>Email: jack.lammers@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/02/2024 | | Judge update in case as to Earl Jordan: Chief Magistrate Judge Kelly K.E. Mahoney added. No conflicts identified (jlh) (Entered: 10/02/2024) |
| 10/02/2024 | | Attorney update in case as to Defendant Earl Jordan. Attorney Timothy Herschberger added pursuant to the CJA Panel Administrator under the direction of Chief Magistrate Judge Kelly K.E. Mahoney. (jlh) (Entered: 10/02/2024) |
| 10/02/2024 | 1 | Rule 5 Documents Received from District of Columbia as to Defendant Earl Jordan. Defendant detained. (Attachments: # 1 Sealed Arrest Warrant) (jlh) (Entered: 10/02/2024) |
| 10/02/2024 | 2 | TEXT ORDER SETTING HEARING as to Defendant Earl Jordan: Initial Appearance - Rule 5(c)(3) - District of Columbia, 24-MJ-00309 - set for 10/03/2024 at 1:30 PM in Ctrm 1 (1st Floor) Sioux City, Iowa, before Chief Magistrate Judge Kelly K.E. Mahoney. Signed by Chief Magistrate Judge Kelly K.E. Mahoney on 10/02/2024. (jlg) (Entered: 10/02/2024) |
| 10/03/2024 | 3 | Arrest Warrant Returned Executed on 10/2/2024 in case as to Defendant Earl Jordan (jlh) (Entered: 10/03/2024) |
| 10/03/2024 | 4 | MINUTE Entry for proceedings held before Chief Magistrate Judge Kelly K.E. Mahoney: Initial Appearance in Rule 5(c)(3) Proceedings as to Defendant Earl Jordan held on 10/3/2024. Court orders Defendant to appear in the District of Columbia. Defendant released. Orders to follow. Official Court Record: FTR Gold. (jag) (Entered: 10/03/2024) |
| 10/03/2024 | 5 | ORDER Pursuant to the Due Process Protections Act as to Defendant Earl Jordan. Signed by Chief Magistrate Judge Kelly K.E. Mahoney on 10/3/2024. (jag) (Entered: 10/03/2024) |
| 10/03/2024 | 6 | APPEARANCE BOND AND ORDER Setting Conditions of Release as to Defendant Earl Jordan. Signed by Chief Magistrate Judge Kelly K.E. Mahoney on 10/3/2024. (jag) (Entered: 10/03/2024) |
| 10/03/2024 | 7 | SEALED CJA 23 Financial Affidavit by Defendant Earl Jordan. (Herschberger, Timothy) (Entered: 10/03/2024) |
| 10/03/2024 | 8 | WAIVER of Rule 5(c)(3) Hearing by Defendant Earl Jordan (Herschberger, Timothy) (Entered: 10/03/2024) |
| 10/03/2024 | 9 | ORDER Appointing Counsel as to Earl Jordan. Attorney Notice of Appearance due by 10/7/2024. Signed by Chief Magistrate Judge Kelly K.E. Mahoney on 10/3/2024. (jag) (Entered: 10/03/2024) |
| 10/03/2024 | 10 | NOTICE of Attorney Appearance: Timothy Herschberger appearing for Defendant Earl Jordan. (Herschberger, Timothy) (Entered: 10/03/2024) |

| 10/03/2024 | 11 | ORDER Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail as to Defendant Earl Jordan. Signed by Chief Magistrate Judge Kelly K.E. Mahoney on 10/3/2024. (certified copy of record to District of Columbia) (jag) (Entered: 10/03/2024) |
| 10/04/2024 | 12 | SEALED Pretrial Services Report as to Defendant Earl Jordan. PLEASE NOTE: The Pretrial Services Report shall be used for the purposes of bail determination only and shall remain confidential as provided in Title 18 U.S.C. Section 3153(c)(1). The Pretrial Services Report is not public record and shall not be reproduced or disclosed to any other party. (Peterson, Samuel) (Entered: 10/04/2024) |